**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| VICTOR HUGO MORALES-AVILA | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:12-CR-0078-ODE-RGV-4 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:17-CV-1669-ODE-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Victor Hugo Morales-Avila's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 406], and the government's response, [Doc. 408]. For the reasons that follow, it is **RECOMMENDED** that Morales-Avila's § 2255 motion be denied.

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a nine count indictment against Morales-Avila and five co-defendants, charging Morales-Avila in Count One with conspiracy to distribute at least 500 grams of methamphetamine and at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii), and (b)(1)(A)(ii); in Count Two with possession with intent to distribute cocaine, in

violation of §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; in Count Three with possession with intent to distribute methamphetamine, in violation of §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; in Count Four with possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(i), and 2; in Count Six with possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2); in Count Seven with illegal reentry, in violation of 8 U.S.C. § 1326(a); and in Count Eight with possession of counterfeit federal reserve notes, in violation of 18 U.S.C. § 472. [Doc. 49]. Represented by court appointed counsel Rolf A. Jones, Morales-Avila entered a negotiated guilty plea to Counts Two, Three, Four, Six, and Seven. [Docs. 34; 170-1; 290]. The plea agreement included a limited waiver of appeal, which provides that Morales-Avila

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Morales-Avilla] may file a direct appeal of an upward departure or variance from the sentencing guideline range as calculated by the district court.

[Doc. 170-1 at 14]. This provision of the plea agreement further provides that Morales-Avila may file a cross appeal if the government appeals the sentence. [Id.].

Morales-Avila signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

[Id. at 15-16].

At Morales-Avila's guilty plea hearing, the government summarized what the evidence would show if the case went to trial, and Morales-Avila, who testified through an interpreter, agreed with those facts. [Doc. 290 at 2-11]. The Court explained to Morales-Avila the rights he was giving up by pleading guilty, that the Court would consider the United States Sentencing Guidelines in determining a reasonable sentence but could impose a sentence above or below the guideline range, and that no one could predict what the sentence would be in his case, and Morales-Avila stated that he understood. [Id. at 15-19]. Morales-Avila also understood that, on Count Four alone, he faced a mandatory minimum sentence of five years of imprisonment and a possible maximum sentence of life. [Id. at 17]. Morales-Avila acknowledged that no one had promised him anything not contained in the plea

3

agreement, that he had enough time to talk with his lawyer about the case, and that he was satisfied with his lawyer's services. [Id. at 19-20]. Morales-Avila further confirmed that no one had threatened or forced him to plead guilty and that he understood the nature of the charges against him and wanted to plead guilty. [Id. at 20-21]. The Court then reviewed the terms of the appeal waiver, and Morales-Avila affirmed that he understood. [Id. at 22]. Morales-Avila was placed under oath and confirmed that the statements he had made to the Court were true, and the Court then accepted Morales-Avila's plea. [Id. at 23-24].

At the sentencing hearing, the Court determined that Morales-Avila's guideline range was forty-six to fifty-seven months of imprisonment, to be followed by a sixty-month consecutive sentence on Count Four. [Doc. 232 at 8]. The Court sentenced Morales-Avila to fifty-two months of imprisonment on each of Counts Two, Three, Six, and Seven, to run concurrently, and sixty-months on Count Four, to run consecutively to the fifty-two month sentence. [Id. at 11-12]. The Court entered judgment on April 26, 2013. [Doc. 203]. Although Morales-Avila filed a notice of appeal, [Doc. 215], he later filed a motion to dismiss the appeal voluntarily with prejudice, which the United States Court of Appeals for the Eleventh Circuit granted on December 17, 2013, [Doc. 295].

Morales-Avila filed this pro se § 2255 motion on April 26, 2017.[1] [Doc. 406 at 3]. As his sole ground for relief, Morales-Avila argues that the Court erred in sentencing him in light of the United States Supreme Court's April 3, 2017, decision in Dean v. United States, 137 S. Ct. 1170, 1178 (2017), which held that a sentencing court may consider "a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." [Doc. 406]. The government responds that Morales-Avila's ground for relief is barred by his valid appeal waiver, procedurally defaulted because he did not raise it on direct appeal, and fails because Dean is not retroactively applicable to cases on collateral review. [Doc. 408 at 3-14].

## II. DISCUSSION

### A.  Waiver

"An appeal waiver is valid if a defendant enters into it knowingly and voluntarily." United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006) (citation omitted). An appeal waiver is enforceable if the government shows either:

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it. Washington, 243 F.3d at 1301.

5

> (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver.

Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005) (citation omitted). "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues–indeed, it includes a waiver of the right to appeal blatant error." United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999).

At the plea hearing, the Court specifically questioned Morales-Avila about the appeal waiver, [Doc. 290 at 22], and it is clear from the record that Morales-Avila understood the full significance of the waiver, [id.; Doc. 170-1 at 14-16].[2] See Brown v. United States, 256 F. App'x 258, 262 (11th Cir. 2007) (per curiam) ("Although the judge did not specifically note that Brown was waiving the right to challenge her sentence collaterally, this waiver was stated plainly in her plea agreement, to which Brown agreed after acknowledging that she had read and understood it."). Thus, the

---

[2] The government correctly notes that although the waiver of his right to collaterally attack his conviction and sentence was not verbally discussed at the plea colloquy, [Doc. 408 at 7 n.2], it is of no consequence because the written plea agreement explicitly stated that Morales-Avila was waiving his "right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) . . . ," and he agreed after acknowledging that he had read and understood it. [Doc. 170-1 at ¶ 27].

6

undersigned finds that Morales-Avila knowingly and voluntarily waived his right to appeal his conviction and sentence and to pursue any other collateral post-conviction relief. The only exceptions to this waiver, i.e., a government appeal or a sentence that exceeds the guideline range as calculated by the Court, do not apply here. Therefore, Morales-Avila's sole ground for relief is barred by his valid appeal waiver. Williams, 396 F.3d at 1341; Howle, 166 F.3d at 1169. However, even if the appeal waiver did not bar his § 2255 motion, Morales-Avila's sole ground for relief fails for the following additional reasons.

**B.     Procedural Default**

A criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent (1) a showing of cause for the default and actual prejudice or (2) a showing of actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . ." or that the matter was not raised because of ineffective assistance of counsel. Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam). A movant may also establish cause for the procedural default if he can show "that his attorney's

performance failed to meet the Strickland standard for effective assistance of counsel." Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997) (internal quotation marks and citation omitted). If a movant shows cause, he must also show prejudice, i.e., that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece, 119 F.3d at 1467 (citation omitted).

To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." McKay, 657 F.3d at 1196 (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). "The [actual innocence] gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin v. Perkins, 133 S. Ct. 1924, 1936 (2013) (citing Schlup, 513 U.S. at 316).

Morales-Avila did not complete a direct appeal and has not alleged that an objective factor external to the defense prevented him or his counsel from doing so or that the failure to complete a direct appeal was the result of ineffective assistance of counsel. See Lynn, 365 F.3d at 1235; Reece, 119 F.3d at 1465. To the extent that

8

Dean announced a new rule of law not dictated by precedent existing at the time Morales-Avila's conviction became final, the perceived futility of raising the issue in a direct appeal does not "constitute cause" merely because it was "'unacceptable to that particular court at that particular time.'" Bousley v. United States, 523 U.S. 614, 623 (1998) (citation omitted). Moreover, Morales-Avila does not assert that he is actually innocent. Accordingly, Morales-Avila is not entitled to relief under § 2255.

**C.     Retroactive Application of *Dean***

Generally, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Teague v. Lane, 489 U.S. 288, 310 (1989). An exception from this general bar exists for substantive rules, which alter "the range of conduct or the class of persons that the law punishes." Welch v. United States, 136 S. Ct. 1257, 1264-65 (2016) (citation omitted). In contrast, procedural rules that do not apply retroactively regulate the "manner of determining" either guilt or punishment, but do not shield a defendant from criminal liability or from exposure to a particular sentencing range. Id. at 1265. Examples of procedural rules are rules that govern the factors that a court may consider in imposing sentence. See Schriro v. Summerlin, 542 U.S. 348, 353-54

(2004) (holding that the requirement that a jury rather than a judge find the essential facts necessary for imposing the death penalty was a non-retroactive procedural rule).

Dean did not alter "the range of conduct or the class of persons" that § 924(c) or the predicate offense punishes, prohibit the imposition of a particular punishment, or expand the range of possible penalties. Rather, Dean's holding that a sentencing court may consider "a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense," id., 137 S. Ct. at 1178, simply alters the factors that a court may consider in imposing sentence. Accordingly, Dean announced a procedural rule without retroactive effect, and Morales-Avila is not entitled to collateral relief. See Welch, 136 S. Ct. at 1265; Teague, 489 U.S. at 310.

## III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant

10

has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because Morales-Avila cannot show that reasonable jurists could debate that his ground for relief is barred by his valid appeal waiver, procedurally defaulted, and fails because Dean is not retroactively applicable in a collateral attack, he should be denied a COA.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Morales-Avila's § 2255 motion, [Doc. 406], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 4th day of AUGUST, 2017.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)