FILED IN CHAMBERS
U.S.D.C. - Atlanta

SEP 08 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VICTOR HUGO MORALES-AVILA | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:12-CR-0078-ODE-RGV-4 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:17-CV-1669-ODE-RGV |

## ORDER

This matter is currently before the Court on Victor Hugo Morales-Avila's objections [Doc. 415] to the Final Report and Recommendation ("R&R") issued by Magistrate Judge Russell G. Vineyard [Doc. 412], which recommends that Morales-Avila's 28 U.S.C. § 2255 motion be denied. In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation

marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

A federal grand jury in the Northern District of Georgia returned a nine count indictment against Morales-Avila and five co-defendants, charging Morales-Avila in Count One with conspiracy to distribute at least 500 grams of methamphetamine and at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii), and (b)(1)(A)(ii); in Count Two with possession with intent to distribute cocaine, in violation of §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; in Count Three with possession with intent to distribute methamphetamine, in violation of §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; in Count Four with possession of a firearm in furtherance of a

AO 72A
(Rev. 8/82)

drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(i), and 2; in Count Six with possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2); in Count Seven with illegal reentry, in violation of 8 U.S.C. § 1326(a); and in Count Eight with possession of counterfeit federal reserve notes, in violation of 18 U.S.C. § 472. [Doc. 49]. Represented by court appointed counsel Rolf A. Jones, Morales-Avila entered a negotiated guilty plea to Counts Two, Three, Four, Six, and Seven. [Docs. 34; 170-1; 290]. The Court sentenced Morales-Avila to fifty-two months of imprisonment on each of Counts Two, Three, Six, and Seven, to run concurrently, and sixty-months on Count Four, to run consecutively to the fifty-two month sentence. [Doc. 203]. Although Morales-Avila filed a notice of appeal [Doc. 215], he later filed a motion to dismiss the appeal voluntarily with prejudice, which the United States Court of Appeals for the Eleventh Circuit granted on December 17, 2013 [Doc. 295].

Morales-Avila filed this pro se § 2255 motion on April 26, 2017, arguing only that the Court erred in sentencing him in light of the United States Supreme Court's April 3, 2017 decision in Dean v. United States, 137 S. Ct. 1170, 1178 (2017), which held that a sentencing court may consider "a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." [Doc. 406]. The

3

government responds that Morales-Avila's ground for relief is barred by his valid appeal waiver, procedurally defaulted because he did not raise it on direct appeal, and fails because <u>Dean</u> is not retroactively applicable to cases on collateral review. [Doc. 408 at 3-14]. The Magistrate Judge found that Morales-Avila's § 2255 motion should be denied for all of the reasons asserted by the government. [Doc. 412].

In his objections, Morales-Avila reasserts the merits of his sole ground for relief and newly argues that he was coerced into pleading guilty, that he received ineffective assistance of counsel, and that he is actually innocent. [Doc. 415]. Because Morales-Avila did not present these new claims to the Magistrate Judge, the Court declines to consider them. See <u>Williams</u>, 557 F. 3d at 1291-92 ("[R]equiring the district court to consider new arguments raised in the objections effectively would eliminate efficiencies gained through the Magistrates Act . . . ."). Moreover, the Court agrees with the Magistrate Judge that Morales-Avila's sole ground for relief: (1) is barred because the record reveals that he knowingly and voluntarily waived his right to pursue any post-conviction relief; (2) is procedurally defaulted because he did not complete a direct appeal and any perceived futility in raising the <u>Dean</u> claim on direct appeal does not constitute cause to excuse the default merely because it may have

4

been unacceptable to the Eleventh Circuit at that particular time; and (3) further fails because Dean is not retroactively applicable to cases on collateral review.

After careful consideration, the Court finds that the Magistrate Judge's factual and legal conclusions were correct and that Morales-Avila's objections have no merit. Accordingly, the Court **ADOPTS** the R&R [Doc. 412] as the opinion and order of the Court, **DENIES** this § 2255 motion [Doc. 406], and **DECLINES** to issue a certificate of appealability. The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this ___7___ day of September, 2017.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE